DONIHEE v. GRAY.

(City Court of New York, General Term. July 18, 1899.)

1. COMPLAINT—ANSWER—SUPPLEMENTARY PROCEEDINGS.

    In an action by an assignee of a judgment debtor against a judgment creditor to recover money paid by a third person to the judgment creditor pursuant to an order in supplementary proceedings, which said order was reversed on appeal after the payment was made, the complaint alleged that the money paid over by such third person was the property of plaintiff's assignor, and constituted his salary as a policeman for the month of December, and that the person who had paid it over under the order of the court was a captain of police, under whom plaintiff's assignor was serving, and that the salary was collected by the captain, to be paid by him to plaintiff's assignor. The answer denied that defendant had any knowledge or information sufficient to form a belief as to the truth of the said allegation that the said moneys were, at the time of the payment thereof by

said captain to the judgment debtor, the property of plaintiff's assignor, except subject to defendant's judgment lien as thereinafter alleged, and alleged on information and belief that, at the time said moneys were paid to defendant by the captain, defendant had a lien on the moneys, pursuant to supplementary proceedings against said captain and plaintiff's assignor. *Held,* that the answer constituted a denial, and hence is not demurrable.

2. COUNTERCLAIM—PLEADING.

In an action by a judgment debtor's assignee against a judgment creditor to recover money paid by a captain of police under whom the judgment debtor was serving on the police force, and who paid the money over to the judgment creditor pursuant to an order in supplementary proceedings in which such captain was joined with the judgment debtor, and which order was reversed on appeal after payment, an answer which sets up the judgment in favor of defendant and against plaintiff's assignor, and alleges that, at the time of the assignment of the debtor's claim for wages so paid by the police captain to the plaintiff, plaintiff's assignor was indebted to defendant in the amount of said judgment, and that at the times referred to the person who paid the money over was not a captain of police in said department, under whom plaintiff's assignor was serving as a police officer, is demurrable, as not stating a counterclaim.

Appeal from trial term.

Action by Vincent P. Donihee against John A. Gray. From a judgment in favor of plaintiff, defendant appealed. Modified.

This is an action brought by an assignee of a judgment debtor against the judgment creditor to recover his salary as a police officer, paid by a captain of police, under whom he was serving, to the judgment creditor, pursuant to an order in supplementary proceedings. After such money had been paid over, the order therefor was reversed on appeal. Plaintiff, in the second paragraph of the complaint, alleged as follows: "(2) That said moneys were at said time and at the time of the payment thereof by said Grant to said Gray the property of said Charles H. Ashley [plaintiff's assignor], and were and constituted the December, 1897, salary of said Ashley, which he earned as an officer or patrolman in the police department of the city of New York, said Grant being at said time the captain of police in said department, under whom the said Ashley was serving as such police officer, and which salary and money was collected by said Grant, to be paid by him to the said Ashley." The second paragraph of defendant's answer is as follows: "(2) He denies that he has any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the second paragraph of the complaint, that the said moneys were at the time of the payment thereof by said Grant to said Cochrane for said Gray the property of said Charles H. Ashley, except subject to defendant's judgment lien, as hereinafter alleged; and this defendant alleges upon information and belief that at the time said moneys were paid by said Grant to said Cochrane, and prior to said alleged assignment to plaintiff by said Ashley, and for a long time prior thereto, and from the 31st day of December, 1897, the said moneys were, and still are, subject to an order of this court duly made in supplementary proceedings in an action wherein said John A. Gray was plaintiff and judgment creditor and said Charles H. Ashley was defendant and judgment debtor, brought against said Grant, as a third party, and said Ashley, and that said moneys, as defendant is informed and believes, were from the 31st day of December, 1897, and still are, subject to the lien of said supplementary proceedings and the judgment upon which said proceedings are founded." The defendant, by way of counterclaim, alleged that "on or about the 4th day of November, 1897, in an action duly brought in the then district court in the city of New York for the Third judicial district, wherein John Gray (this defendant) was plaintiff and the said Charles H. Ashley, referred to in the complaint as plaintiff's assignor, was defendant, a judgment was duly rendered in favor of said John A. Gray and against said Charles H. Ashley for the sum of $72.06, and that said judgment is still due and unpaid, and that at and prior to the time of the alleged assignment from said Ashley to plaintiff herein, and at the time of the commencement of this

action, the said Charles H. Ashley was justly indebted to this defendant the amount of said judgment; and in connection herewith defendant further alleges upon information and belief that at the times referred to in the second paragraph or subdivision of the complaint the said Grant referred to in said paragraph was not the captain of police in said department under whom the said Ashley was serving as such police officer, as alleged in the complaint."

Argued before McCARTHY, P. J., and CONLAN and O'DWYER, JJ.

Jones Cochrane, for appellant.
Martin O'Brien, for respondent.

McCARTHY, P. J.   We have examined the merits of this case carefully, and think the judgment appealed from should be reversed, and the demurrer to the second paragraph of the answer overruled. We are convinced by all the authorities examined that this pleads a denial, and therefore the answer is good in that particular.   We think that the demurrer to the counterclaim should be sustained. See Ketcham v. Zerega, 1 E. D. Smith, 553.   Judgment is therefore reversed, without costs to either party as against the other, and the demurrer to the second paragraph of the answer·overruled, and to the counterclaim sustained, without costs to either party.   All concur.